JAMES F. CLAPP (145814)
jclapp@sdlaw.com
JAMES T. HANNINK (131747)
jhannink@sdlaw.com
ZACH P. DOSTART (255071)
zdostart@sdlaw.com
DOSTART CLAPP & COVENEY, LLP
4370 La Jolla Village Drive, Suite 970
San Diego, California 92122-1253
Tel: 858-623-4200
Fax: 858-623-4299

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| LUIS CABRALES, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CASTLE & COOKE MORTGAGE, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1) Violation of TILA, 15 U.S.C. §1601 et seq., and Reg. Z<br>(2) Violation of RESPA, 12 U.S.C. §2601 et seq., and Reg. X<br>(3) Violation of Utah Residential Mortgage Practices and Licensing Act<br>(4) Unjust Enrichment<br>(5) Violation of California UCL, Cal. Bus. & Prof. Code §17200 et seq. |

**JURISDICTION**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. section 1331 (federal question jurisdiction), 15 U.S.C. section 1640(e) (TILA jurisdiction), and 12 U.S.C. section 2614 (RESPA jurisdiction). This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. section 1367(a) (supplemental jurisdiction), in that the state law claims are based on the same conduct as the federal claims and are so related that they form part of the same case or controversy.

///

///

CLASS ACTION COMPLAINT

## VENUE AND INTRA-DISTRICT ASSIGNMENT

2. Pursuant to 28 U.S.C. section 1391(b)(2) and Local Rule 120(d), venue is proper in the U.S. District Court for the Eastern District of California, Fresno Division, because plaintiff entered into the mortgage loan that is the subject of this lawsuit in Kern County, California, and the events or omissions giving rise to plaintiff's claims occurred in Kern County, California.

## PARTIES

3. Plaintiff Luis Cabrales is an individual who resides in Kern County, California.

4. Plaintiff alleges on information and belief that defendant Castle & Cooke Mortgage, LLC ("C&C Mortgage") is a Delaware limited liability company with its principal place of business in Salt Lake City, Utah.

## GENERAL ALLEGATIONS

5. In approximately August 2012, plaintiff purchased a home in Kern County from a homebuilder called Castle & Cooke of California, Inc. ("C&C California"). To finance that purchase, plaintiff entered into a residential mortgage loan with defendant C&C Mortgage. Plaintiff alleges on information and belief that, at all relevant times, C&C Mortgage and C&C California were affiliated entities that were primarily owned and controlled by the same person, Matthew A. Pineda ("Pineda").

6. At the time plaintiff entered into the mortgage loan with C&C Mortgage, plaintiff was unaware that C&C Mortgage and Pineda had implemented a secret, illegal bonus program. One aspect of that bonus program was that C&C Mortgage and Pineda paid their loan officers bonuses for placing borrowers in loans that were more expensive to the borrowers and/or had less favorable terms than they otherwise would have received.

7. At all relevant times, C&C Mortgage and Pineda knew that the bonus program was illegal. As a result, C&C Mortgage and Pineda affirmatively concealed the existence of the program by omitting any reference to the program in its written compensation agreements or policies, in violation applicable law. Neither C&C Mortgage nor Pineda ever disclosed the illegal bonus program to C&C Mortgage's borrowers, including plaintiff.

///

2

8. The C&C Mortgage loan officer who sold plaintiff his mortgage loan was paid a bonus that was based, a least in part, on the fact that plaintiff received a more expensive and/or less favorable loan than he otherwise would have received.

9. On July 23, 2013, the U.S. Consumer Financial Protection Bureau ("CFPB") sued C&C Mortgage, Pineda, and another C&C Mortgage officer. The lawsuit alleged that the defendants had maintained a secret, illegal bonus program that paid C&C Mortgage's loan officers bonuses for placing borrowers in loans with higher interest rates. On November 13, 2013, the CFPB announced that it had reached a settlement with C&C Mortgage and the individual defendants whereby the defendants agreed to pay a total of $9.2 million in restitution to borrowers and a $4 million civil penalty to the CFPB. The settlement expressly did *not* limit or otherwise affect the borrowers' rights to pursue their own claims and remedies against C&C Mortgage and the other defendants.

10. On approximately May 16, 2014, plaintiff received a check from the CFPB in the amount of $795.02, representing his share of the CFPB's restitution fund. Plaintiff is owed additional amounts as a result of C&C Mortgage's illegal practices, as alleged below.

11. The applicable statutes of limitation on the claims alleged herein were tolled until at least May 16, 2014, which was the date that the CFPB distributed the settlement checks to plaintiff and the other members of the Class (defined below). Plaintiff and the Class members did not know, and could not have known, that they were the victims of C&C Mortgage's illegal practices until they received their settlement checks. C&C Mortgage affirmatively concealed the existence of its illegal bonus program by omitting any reference to the program in its compensation agreements and policies, in violation of applicable law, and C&C Mortgage never disclosed the bonus program to plaintiff or the Class members. Furthermore, there was no way for plaintiff or the Class members to know about these bonus payments since they did not have access to C&C Mortgage's accounting, payroll, or loan production records.

## CLASS ACTION ALLEGATIONS

12. <u>Class Definition.</u> Pursuant to Fed. R. Civ. P. 23, plaintiff alleges a class action on behalf of the following class and subclass (collectively referred to as the "Class"):

3

CLASS ACTION COMPLAINT

a.  The "Nationwide Class" is defined as all individual consumers throughout the United States who, on or after April 1, 2011, obtained a mortgage loan from C&C Mortgage in which C&C Mortgage either: (1) paid a bonus or other compensation that was based on the terms and conditions of the loan (other the amount of credit extended); or (2) paid a referral fee or split a charge other than for services actually performed.

b.  The "California Subclass" is defined as all Nationwide Class members for whom the dwelling securing their mortgage loan is located in the State of California.

13.  <u>Numerosity.</u>  Plaintiff is informed and believes and thereon alleges that the Nationwide Class consists of over 9,000 members and the California Subclass consists of over 500 members.

14.  <u>Ascertainability.</u>  The identities of the Class members may be determined by referring to C&C Mortgage's loan records, accounting records, and payroll records.

15.  <u>Common Questions of Law and Fact, Which Predominate.</u>  The following questions of law and fact are common to the entire Class and predominate over any individual issues. These common questions include, without limitation: (1) the terms of C&C Mortgage's bonus program(s); (2) whether C&C Mortgage's bonus program(s) violated the loan originator compensation rules set forth in Regulation Z; (3) whether the bonuses violated RESPA and its implementing rules set forth in Regulation X; (4) whether the bonuses violated applicable state law; and (5) the appropriate remedies for defendant's conduct.

16.  <u>Typicality.</u>  Plaintiff's claims are typical of those of the other Class members because plaintiff, like the other Class members, was injured and damaged as a result of defendant's illegal bonus program and compensation policies.

17.  <u>Adequacy.</u>  Plaintiff will fairly and adequately represent the Class, in that he has no conflicts of interest with the other Class members, is subject to no unique defense, and has retained counsel who are competent and experienced in the prosecution of consumer class actions.

18.  <u>Superiority.</u>  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable, the likelihood of individual Class members prosecuting separate claims is remote, and individual

4

CLASS ACTION COMPLAINT

Class members do not have a significant interest in individually controlling the prosecution of separate actions.

### FIRST CAUSE OF ACTION

Violation of TILA, 15 U.S.C. section 1601 et seq., and Regulation Z

(By Plaintiff and the Nationwide Class)

19. Plaintiff incorporates the previous allegations as though fully set forth herein.

20. At all relevant times, C&C Mortgage was a "creditor" as defined in 15 U.S.C. section 1602(g) of the Truth-in-Lending Act ("TILA"), in that C&C Mortgage: (1) regularly extended consumer credit in the form of mortgage loans that were payable in more than four installments and for which the payment of a finance charge was required; and (2) was the "person" to which those mortgage loans were initially payable.

21. At all relevant times, C&C Mortgage's loan officers were "loan originators" as defined in 12 C.F.R. section 226.36(a) (now set forth at 12 C.F.R. section 1026.36(a)) of Regulation Z, in that they were persons who, for compensation or other monetary gain, or in expectation of compensation or other monetary gain, arranged, negotiated, or otherwise obtained an extension of consumer credit for another person, including plaintiff and the Class members.

22. The mortgage loans originated by C&C Mortgage's loan officers on behalf of plaintiff and the Class members were secured by "dwellings" as defined 15 U.S.C. section 1602(w) of TILA, in that they were residential structures or mobile homes that contained one to four family housing units or individual units of condominiums or cooperatives.

23. C&C Mortgage's act of paying, and the loan officers' act of receiving, bonuses based on the terms and conditions of the Class members' mortgage loans, as described herein, violated 12 C.F.R. section 226.36(d)(1)(i) of Regulation Z.

24. As a direct result of C&C Mortgage's illegal bonus program, plaintiff and the Class members were injured and damaged in that they were sold more expensive and/or less favorable mortgage loans than they otherwise would have received.

///

///

5

25. Pursuant to 15 U.S.C. section 1640(a) of TILA, plaintiff and the Class members are entitled to actual and statutory damages, plus reasonable attorneys' fees and costs of suit, in amounts to be proved at trial.

26. Furthermore, to the extent that C&C Mortgage's illegal conduct continued after the effective date of the Dodd-Frank amendments to TILA, plaintiff and the Class members are entitled to additional damages and remedies under 15 U.S.C. section 1639b(c) and 15 U.S.C. section 1640(a)(1)(4), in amounts to be proved at trial.

## SECOND CAUSE OF ACTION

Violation of RESPA, 12 U.S.C. section 2601 et seq., and Regulation X

(By Plaintiff and the Nationwide Class)

27. Plaintiff incorporates the previous allegations as though fully set forth herein.

28. The mortgage loans sold by C&C Mortgage to plaintiff and the Class members were "federally related mortgage loans" under 12 U.S.C. section 2602(1) of the Real Estate Settlement Procedures Act ("RESPA"), in that they: (1) were secured by a first or subordinate lien on residential real property designed principally for the occupancy of one to four families; and (2) were made by a "creditor" as defined by TILA.

29. C&C Mortgage's act of originating mortgage loans to plaintiff and the Class members was a "settlement service" under 12 U.S.C. section 2602(3) of RESPA.

30. To the extent the bonus recipients were not bona fide employees of C&C Mortgage—which plaintiff alleges on information and belief—C&C Mortgage's act of paying, and the recipients' act of accepting, the bonus payments violated 12 U.S.C. sections 2607(a) and (b) of RESPA and 24 C.F.R. sections 3500.14(b) and (c) (now set forth at 12 C.F.R. section 1024.14) of Regulation X in that these payments constituted referral fees and/or splits in charges for settlement services other than for services actually performed.

31. Pursuant to 12 U.S.C. section 2607(d), plaintiff and the Class members are entitled to recover three times the amount of loan origination and settlement charges they paid to C&C Mortgage, plus reasonable attorneys' fees and costs of suit, in amounts to be proved at trial.

///

**THIRD CAUSE OF ACTION**

Violation of Utah Residential Mortgage Practices and Licensing Act

(By Plaintiff and the Nationwide Class)

32.     Plaintiff incorporates the previous allegations as though fully set forth herein.

33.     C&C Mortgage transacted in the business of residential mortgage loans in the State of Utah.  Plaintiff further alleges on information and belief that C&C Mortgage administered the bonus program and issued the bonus payments referred to herein from its corporate headquarters in the State of Utah.

34.     Utah Ann. Code section 61-2c-301 of the Utah Residential Mortgage Practices and Licensing Act ("Utah Act") (quoted in relevant part below) makes it illegal for any person transacting the business of residential mortgage loans in Utah to:

"(a) give or receive a referral fee, other compensation, or anything of value in exchange for a referral of residential mortgage loan business; …

(f) violate or not comply with: … (iii) a rule made by the [Utah Division of Real Estate]; …

(k) engage in unprofessional conduct as defined by rule; …

(l) engage in an act or omission in transacting the business of residential mortgage loans that constitutes dishonesty, fraud, or misrepresentation; [or] …

(p) engage in an act that is performed to: (i) evade this chapter; or (ii) assist another person to evade this chapter."

35.     The Utah Division of Real Estate has issued the following rules ("Rules") to implement the Utah Act. Rule R162-2c-301a(1)(b)(1) prohibits a mortgage loan originator from charging a fee for services not actually performed. Rule R162-2c-301a(2)(b) requires a lending manager to ensure that mortgage loan originators comply with applicable federal and state law. Under Rule R162-2c-301a(3)(b)(i), a mortgage entity is responsible for the conduct of its mortgage loan originators and lending managers. Furthermore, Rule R162-2c-301b(2) requires that, before any mortgage entity can make an incentive payment to a mortgage loan originator: (i) the methodology for calculating the payment must be described in the mortgage loan originator's

CLASS ACTION COMPLAINT

employment contract; and (ii) the dollar value of any payment must be limited to $300 or less and can occur no more than three times per calendar year.

36. To the extent that Utah law governs C&C Mortgage's conduct, C&C Mortgage has violated the Utah Act and the Rules as follows: (1) the bonus payments were illegal payments and/or referral fees for services not actually performed, in violation of Section 61-2c-301(a) and Rule R162-2c-301a(1)(b)(1); (2) the bonus program was an illegal incentive plan under Rule 162-2c-301b(2) in that it was not described in the bonus recipients' employment contract and, on information and belief, violated the Rule's limitations on the amount and frequency of payments; (3) C&C Mortgage and its lending managers failed to ensure compliance with the federal loan originator compensation rule, in violation of Rules R162-2c-301a(2)(b) and (3)(b)(i); (4) C&C Mortgage intentionally failed to disclose to plaintiff and the Class members that they were not receiving the most favorable loan terms, but instead, that their loan officers were receiving bonuses for placing them in more expensive loans, which omissions were acts of dishonesty, fraud and misrepresentation that violated Section 61-2c-301(l); and (5) by concealing the illegal bonus program, C&C Mortgage engaged in conduct that was intended evade the Utah Act, in violation of Section 61-2c-301(p).

37. As a result of C&C Mortgage's violations, plaintiff and the Class members have been damaged in amounts to be proved at trial. Furthermore, pursuant to Section 61-2c-404, plaintiff and the Class members are aggrieved persons who are entitled to recover an additional penalty of at least the amount that C&C Mortgage and/or the bonus recipients received in the form of commissions, compensation, or profit as a consequence of their violations of the Utah Act, in amounts to be proved at trial.

## FOURTH CAUSE OF ACTION

Unjust Enrichment Under Utah Law

(By Plaintiff and the Nationwide Class)

38. Plaintiff incorporates the previous allegations as though fully set forth herein.

39. To the extent Utah law governs C&C Mortgage's conduct, C&C Mortgage was unjustly enriched by implementing the illegal bonus program described herein. As a result of the

CLASS ACTION COMPLAINT

program, C&C Mortgage received a benefit in the form of higher interest rates and/or origination fees on its mortgage loans; C&C Mortgage was aware of these benefits; and it would be inequitable to allow C&C Mortgage to retain these benefits given that the bonus program violated federal and state law. Plaintiff and the Class members are entitled to restitution in amounts to be proved at trial.

### FIFTH CAUSE OF ACTION

Violation of California Unfair Competition Law

(By Plaintiff and the California Subclass)

40. Plaintiff incorporates the previous allegations as though fully set forth herein.

41. The California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code section 17200 et seq., defines unfair competition as including "any unlawful, unfair or fraudulent business act or practice."

42. C&C Mortgage's violations of TILA and Regulation Z, RESPA and Regulation X, and the Utah Act and the Rules, as described herein, are unlawful acts or practices that constitute unfair competition under the UCL.

43. Plaintiff suffered injury and lost money as a result of C&C Mortgage's acts of unfair competition, in that plaintiff received a more expensive and/or less favorable loan than they otherwise would have received. Furthermore, plaintiff would not have entered into the loan on the same terms and conditions had plaintiff known that his loan officer was placing him in a more expensive and/or less favorable loan than he was entitled to receive.

44. Pursuant to Section 17203 of the UCL, plaintiff requests an order restoring to him and the other California Subclass members the money that C&C Mortgage acquired through their acts of unfair competition, in amounts to be proved at trial.

### PRAYER

WHEREFORE, plaintiff and the Class members pray for judgment against each defendant as follows:

1. For actual and statutory damages and penalties as alleged herein;

2. For injunctive relief and restitution as alleged herein;

CLASS ACTION COMPLAINT

3. For reasonable attorneys' fees and costs of suit; and

4. For such other relief as the Court deems proper.

Dated: July 21, 2014                    DOSTART CLAPP & COVENEY, LLP

_____
JAMES F. CLAPP
Attorneys for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all claims so triable.

Dated: July 21, 2014                    DOSTART CLAPP & COVENEY, LLP

_____
JAMES F. CLAPP
Attorneys for Plaintiff

649098.1