UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS CABRALES, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CASTLE & COOKE MORTGAGE, LLC, a Delaware limited liability company,<br><br>Defendant. | No. 1:14-cv-01138-MCE-JLT<br><br>**MEMORANDUM AND ORDER** |

This is a putative class action brought on behalf of borrowers who obtained home mortgage loans from Defendant Castle & Cooke Mortgage, LLC ("Castle"). Plaintiff Luis Cabrales ("Plaintiff"), one of the allegedly affected borrowers, asserts that Castle, in violation of both federal and state law, implemented a secret bonus program that incentivized its loan officers to place borrowers in loans bearing higher interest rates. The operative First Amended Complaint ("FAC") includes four separate causes of action alleging: 1) violations of the federal Truth In Lending Act, 15 U.S.C. § 1601, et seq. ("TILA"); 2) violations of the Utah Residential Mortgage Practices and Licensing Act, Utah Ann. Code § 61-2c-301; 3) unjust enrichment under Utah law; and 4) violations of the California Unfair Competition Law, California Business & Professions Code § 17200, et seq. ("UCL").

Castle now moves to dismiss the Third and Fourth Causes of Action, for unjust enrichment and violations of the UCL, respectively, on grounds that those claims fail to state a claim upon which relief can be granted. As set forth below, Castle's Motion is DENIED.[1]

## BACKGROUND[2]

In 2012, Plaintiff purchased a home in Kern County from a homebuilder, Castle & Cook of California, Inc. To finance that purchase, Plaintiff entered into a residential loan with Defendant Castle. According to Plaintiff's FAC, Plaintiff was unaware that Castle had instituted a covert program pursuant to which its loan officers were paid bonuses for placing borrowers in loans that had less favorable terms, including higher interest rates, than the borrowers would otherwise have received. Plaintiff asserts that Castle knew this bonus program was illegal[3] and concealed its existence by omitting any reference to it in written compensation agreements or policies, in violation of applicable law. Plaintiff further asserts that the loan officer who sold Plaintiff his mortgage loan was paid a bonus that was based, at least in part, on the fact that Plaintiff received a more expensive and/or less favorable loan than he otherwise would have received.

On July 23, 2013, the United States Consumer Financial Protection Bureau ("CFFB") sued Castle and its owner, Matthew Pineda, for maintaining the above-described loan program. On November 13, 2013, CFFB announced it had reached a

///

---

[1] Because oral argument was not deemed to be of material assistance, this matter was submitted on the briefs in accordance with Eastern District of California Local Rule 230(g).

[2] This factual background is derived, in some places verbatim, from the allegations of the FAC.

[3] The implementing regulations for TILA were amended, effective April 1, 2011, to provide as follows: "In connection with a consumer credit transaction secured by a dwelling, no loan originator shall receive and no person shall pay to a loan originator, directly or indirectly, compensation in an amount that is based on any of the transaction's terms or conditions." 12 C.F.R. § 226.36(d)(1). This rule "prohibits compensation to a loan originator for a transaction based on that transaction's interest rate." Official Staff Comment 36(d)(1)-s, 75 Fed. Reg. 58536.

settlement under the terms of which defendants agreed to pay a total of $9.2 million in restitution to borrowers and a $4 million civil penalty to the CFFB.

Plaintiff in the present matter received a check from the CFFB in the amount of $795.02, which represented his share of the CFFB's restitution fund.  The express terms of the CFFB settlement, however, did not limit or otherwise affect the borrowers' rights to pursue their own claims and remedies against Castle, and Plaintiff filed the present class action lawsuit on July 21, 2014, alleging that he is owed additional amounts as a result of Defendant's illegal practices.  Plaintiff's lawsuit seeks redress on behalf of all individual consumers within the United States who, during the applicable statute of limitations, obtained a mortgage loan from Castle that involved payment of a bonus or other compensation under the above-described program.  Plaintiff further identifies a "California subclass" for class members obtaining a mortgage loan from Castle for property within the State of California.  As indicated above, Castle now seeks to dismiss two of the four causes of action pled by Plaintiff in the FAC, for unjust enrichment and for violation of California's UCL.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,

1   185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that

2   "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group,

3   Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006,

4   1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.

5   1989) ("Leave need not be granted where the amendment of the complaint . . .

6   constitutes an exercise in futility . . . .")).

## ANALYSIS

### A.  Unjust Enrichment Claim

Castle first asserts that Plaintiff's Third Cause of action, for unjust enrichment under Utah law, should be dismissed.  According to Castle, Plaintiff's claim for violation of TILA, which Defendant does not challenge at the pleadings stage, is an adequate legal remedy and consequently Plaintiff is precluded from pursuing equitable relief in the form of unjust enrichment.   Plaintiff, in opposition, claims he is entitled to plead unjust enrichment in the alternative, and that at the pleadings stage he is not required to unequivocally demonstrate that he lacks an adequate remedy at law.

Plaintiff's contention in this regard is amply supported by Ninth Circuit cases applying California law.  See, e.g., Vicuna v. Alexia Foods, Inc., 2012 WL 1497507 at *3 (N.D. Cal. April 27, 2013) (although unjust enrichment applies only in the absence of an adequate remedy at law, a litigant is entitled to assert inconsistent theories of recovery at the pleadings stage); Colucci v. ZonePerfect Nutrition Co., 2012 WL 6737800 at *10 (N.D. Cal. Dec. 28, 2012) ("[C]laims for restitution or unjust enrichment may survive the pleadings stage when pled as an alternative avenue of relief, though the claims, as alternatives, may not afford relief if other claims do.").

Castle nonetheless urges a different result on grounds that Utah law, pursuant to which Plaintiff's Third Cause of Action is pled, does not permit alternative pleading under these circumstances.  For that proposition, Castle cites the Utah District Court's decision

in Anapoell v. American Express Business Finance Corp., 2007 WL 4270548 (D. Utah 2007). While that case, like this one, involved a motion to dismiss, in Anapoell there was no dispute that a valid enforceable contract existed that encompassed the subject matter of the litigation. Under those circumstances, the court reasoned that because a legal remedy existed on the face of the complaint, any alternatively pled unjust enrichment claim failed as a matter of law. Id. at *5-6. Here, there is no such underlying contract, and therefore Anapoell is factually distinguishable.

More akin to the facts present here is another Utah case, Miller v. Basic Research Inc., 2008 WL 4755787 (D. Utah 2008). In Miller, like this case, the plaintiffs alleged statutory claims as well as a claim for unjust enrichment under Utah law. The defendant moved to dismiss the unjust enrichment claims on grounds that the plaintiff possessed an adequate legal remedy in the form of the asserted statutory violations. Although the Miller court recognized that Utah law does not permit an equitable remedy until a plaintiff has either pursued his or her legal claims to their conclusion or shown that doing so would be fruitless, it nonetheless denied the defendants' motion to dismiss, reasoning that it was impossible to determine at the pleadings stage whether plaintiff's pursuit of their legal claims would in fact be fruitless. Id. at * 8. In accordance with Miller, Plaintiff herein contends, and this Court agrees, that Plaintiff can alternatively plead unjust enrichment since it is premature at this point to determine whether Plaintiff's TILA claims are in fact viable.[4]

**B.  UCL Claim**

Castle correctly points out that the UCL provides for equitable relief only in the form of either restitution or an injunction. See Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 179 (1999). Castle's claim that the presence

---

[4] While Castle cites other Utah cases to support its argument that Plaintiff should not be permitted to plead an unjust enrichment, those cases are readily distinguishable since they do not arise at the pleadings stage. See, e.g., Ockey v. Lehmer, 189 P.3d 51, ¶¶ 13, 43-44, 48 (Utah 2008) (ruling that the plaintiffs had an adequate legal remedy only after a trial); American Towers Owners Ass'n Inc. v. CCI Mechanical, Inc., 930 P.2d 1182 (D. Utah 2006) (decided in the context of a motion for summary judgment).

6

of legal claims in the FAC dooms Plaintiff's UCL claims from their onset, however, is incorrect. Since Plaintiff's UCL claim is grounded in California law, there is no question that Plaintiff can pursue that claim as an alternative to legal remedies (like violations of the TILA), should those legal remedies be unavailing. See Vicuna, 2012 WL 1497507 at *3 (a litigant is entitled to assert inconsistent theories of recovery on both legal and equitable grounds at the pleadings stage). Additionally, and in any event, the UCL on its face makes it plain that resort to its remedies does not preclude other avenues of relief. As the UCL states:

> "Unless otherwise specifically provided, the remedies or penalties provided by this chapter are cumulative to each other, and to the remedies or penalties available under all other laws of this state."

Cal. Bus & Prof. Code § 17205.[5]

      Castle goes on to argue that neither injunctive nor restitutionary relief is available to Plaintiff in any event, and that Plaintiff's UCL claims fail on that basis as well. Castle claims that Plaintiff has not shown any ongoing TILA violation that an injunction could prevent on a prospective basis, or that restitution is available to force Defendant to give up "something to which it was not entitled" and that Plaintiff should have been able to keep. See Day v. AT&T Corp., 63 Cal. App. 4th 325, 340 (1998). Resolution of either of those issues, however, in the context of the present matter goes well beyond the confines of a motion to dismiss and is subject to pretrial adjudication, if at all, only by way of summary judgment. Moreover, whether Plaintiff or any other class member is entitled to restitution beyond that already paid by the CFFB is similarly not amenable to determination at the pleadings stage.

///

///

---

[5] Nor has Castle shown that TILA is the exclusive remedy for the conduct at issue in this matter. This distinguishes the present case from Prudential Home Mortgage Co. v. Superior Court, 66 Cal. App. 4th 1236 (1998). In that case the court specifically held that the statutory remedies set forth in California Civil Code § 2941 were exclusive, and reasoned that because any UCL claims conflicted with those exclusive statutory remedies, the UCL claim failed. Id. at 1249-50.

**CONCLUSION**

For all the foregoing reasons, Defendant Castle's Motion to Dismiss (ECF No. 21) is DENIED.

IT IS SO ORDERED.

Dated:  June 10, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT