UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS CABRALES, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CASTLE & COOKE MORTGAGE, LLC, a Delaware limited liability company,<br><br>Defendant. | CASE NO. 1:14-cv-01138-MCE-JLT<br><br>**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE** |

Pending before the Court is the Motion for Preliminary Approval of Class Action Settlement ("Motion") relating to the settlement ("Settlement") between plaintiff Luis Cabrales ("Cabrales") and defendant Castle & Cooke Mortgage, LLC ("Defendant" or "CCM"). Having read and considered the moving papers, including the Settlement Agreement, and finding good cause, the Court finds and orders as follows:

1. Based upon the Court's review of the Settlement, the Motion and supporting declaration, and the entire record, the Motion for Preliminary Approval of Class Action Settlement is GRANTED.

2. The Court hereby conditionally certifies the following class ("Class") for settlement purposes only: "All individual consumers throughout the United States who, between April 1, 2011 and July 31, 2013 (the "Class Period"), obtained a mortgage loan from Castle & Cooke Mortgage, LLC. Excluded from the Class are all attorneys and employees of plaintiff's counsel, as well as the judicial officers to whom the Lawsuit is assigned and their court staff." The members of the Class are referred to as the "Class Members."

3. The Court finds, for settlement purposes only, that the Class meets the requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3) in that: (1) the Class is so numerous that joinder is impracticable; (2) there are questions of law and fact that are common to all Class Members, which questions predominate over individual issues; (3) Cabrales' claims are typical of the claims of the Class; (4) Cabrales and Class Counsel will fairly and adequately protect the interests of the Class; and (5) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Court appoints Cabrales as the representative of the Class, Dostart Hannink & Coveney LLP as Class Counsel, and CPT Group, Inc. as the Claims Administrator.

4. The Court preliminarily approves the Settlement, including the monetary relief, procedure for payment of Class Counsel's attorneys' fees and litigation expenses to the extent ultimately awarded by the Court, and procedure for payment of incentive awards to the Class Representative and/or certain Class Members who assisted Class Counsel with the litigation, to the extent ultimately awarded by the Court. The Court has reviewed the monetary relief that has been

provided as part of the Settlement and recognizes its value to the Class.  It appears to the Court on a preliminary basis that the Settlement is fair, adequate, and reasonable as to all potential Class Members when balanced against the cost and uncertainty associated with further litigation of liability and damages issues.  It further appears that settlement of the Action at this time will avoid substantial additional costs by all Parties, as well as the delay and risks that would be presented by the further prosecution of the Action.  It also appears that the Settlement has been reached as a result of intensive, serious, and non-collusive arm's-length negotiations.

5. The Court approves the Notice of Class Action Settlement (Exhibit C to the Settlement Agreement).  The notice procedure described in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and due process and constitutes the best practicable notice under the circumstances.  The Claims Administrator is directed to mail class notices no later than twenty-one (21) days after entry of this Order, and to take all steps necessary to establish a settlement website.

6. Any objections to the Settlement or to any of its provisions must be filed with this Court and served upon counsel no later than forty-five (45) days following the mailing of the Notice of Class Action Settlement, or else such objection will be waived.

7. As set forth in the Settlement Agreement, any class member who wishes to exclude himself or herself from the Class shall mail, email, or deliver to the Claims Administrator a written request to opt-out no later than forty-five (45) days following the mailing of the Notice of Class Action Settlement.  Individuals in the Class who do not timely request exclusion shall be bound by all determinations of the Court, the Settlement Agreement, and any Judgment that may be entered thereon.

8. If it has not already done so, defendant shall promptly comply with the requirements of 28 U.S.C. § 1715.

9. The parties shall file their motion for final approval, and Class Counsel shall file its motion for attorneys' fees, litigation expenses, and service payments on the dates required under the Local Rules and under controlling law.

10. A final approval hearing shall be held in this Court on November 3, 2016 at 2:00 p.m., at which time the Court will determine whether the Settlement should be granted final approval. At that time, the Court will also consider Class Counsel's motion for attorneys' fees, litigation expenses, and proposed service payments.

11. Any Participating Class Member may appear at the Final Approval Hearing and object to the Settlement ("Objectors"). Objectors may present evidence and file briefs or other papers that may be proper and relevant to the issues to be heard and determined by the Court. No Class Member or any other person shall be heard or entitled to object, and no papers or briefs submitted by any such person shall be received or considered by the Court, unless on or before the date that is forty-five (45) days after the original date of mailing of the Class Notice, that person has filed the objections, papers and briefs with the Clerk of this court and has served by hand or by first-class mail copies of such objections, papers and briefs upon Class Counsel (Dostart Hannink & Coveney LLP, Attention Zach P. Dostart, 4180 La Jolla Village Drive, Suite 530, La Jolla, CA 92037) and Defendant's counsel (Sheppard, Mullin, Richter & Hampton, LLP, Attention Theona Zhordania, 333 South Hope Street, Forty-Third Floor, Los Angeles, CA 90071). Any Participating Class Member who does not object in the manner provided for in this order shall be deemed to have waived such objection and shall forever be foreclosed from objecting to the Settlement.

12. If the Settlement does not become effective in accordance with the terms of and as defined in the Settlement, or if the Settlement is not finally approved by the Court, or is terminated, canceled or fails to become effective for any reason: (i) the Settlement and this order shall be null and void and shall have no further force and effect with respect to any Party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) the Parties shall revert to their respective positions as of before entering into the Settlement; and (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or Party hereto, shall not be deemed or construed to be an admission by any Party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other proceeding, provided,

however, that the termination of the Settlement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of the Settlement that would ordinarily be discoverable but for the attempted settlement.

13. The Court reserves the right to adjourn or continue the date of the Final Approval Hearing and all dates provided for in the Settlement without further notice to Class Members, and retains jurisdiction to consider all further matters arising out of or connected with the proposed Settlement.

14. In accordance with the terms of the Settlement, the Court hereby adopts the following dates for performance of the specified activities:

| Date | Activity |
|---|---|
| July 18, 2016<br><br>(7 days after preliminary approval) | Castle will provide to Class Counsel and the Claims Administrator in Excel format an electronic database ("Database") containing the following information for each Class Member: Loan Number, Primary Borrower Name, Loan Type (e.g., FHA, USDA/RHS), Program Type (e.g., Fixed or Floating), Interest Rate, Rate Sheet Price Over Par, Origination / Discount Fee, Combined Rate Sheet + Origination / Discount, Benchmark, Overage (in basis points), Overage (in dollars), Loan Amount, Application Date, Fund Date, Subject Street Number, Subject Street, Subject City, Subject State, Subject ZIP, Mailing Name, Mailing Address, Mailing City, Mailing State, Mailing Zip, Borrower Home Area Code, Borrower Home Phone, Borrower Work Area Code, Borrower Work Number, Co-Borrower Home Area Code, Co-Borrower Home Number, Co-Borrower Work Area Code, Co-Borrower Work Phone, Borrower email, and Co-Borrower email. |
| July 25, 2016<br><br>(14 days after preliminary approval) | Deadline for CCM to wire transfer fifty thousand dollars ($50,000) to the Claims Administrator. |
| August 1, 2016<br><br>(21 days after preliminary approval) | Deadline for Claims Administrator to mail the Class Notice to all Class Members. This is the "Notice Date." |
| August 1, 2016<br><br>(21 days after preliminary approval) | Deadline for Claims Administrator to establish a website on which it will make available the Class Notice, the First Amended Complaint, this Order Granting Preliminary Approval, and any other materials agreed to by the Parties. |

| | |
|---|---|
| September 15, 2016 (45 days after Notice Date) | Claim/Exclusion/Objection Deadline; Last day for Class Members to file and serve any written objections to the Settlement and any notice of intent to appear at Final Approval Hearing |
| October 6, 2016 (15 court days after Claim/Exclusion/Objection Deadline) | Claims Administrator to email Class Counsel and Castle's counsel a written report listing the name and contact information of each Participating Class Member, Excluded Class Member, and any person who has objected to the Settlement. |
| November 3, 2016, 2:00 p.m. | Final Approval Hearing |

15.   The parties are ordered to carry out the Settlement in the manner provided in the Settlement Agreement.

IT IS SO ORDERED.

Dated:  July 13, 2016

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE