UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS CABRALES, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CASTLE & COOKE MORTGAGE, LLC, a Delaware limited liability company,<br><br>Defendant. | No. 1:14-cv-01138-MCE-JLT<br><br>**ORDER GRANTING (1) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND (2) MOTION FOR AWARD OF ATTORNEYS' FEES, LITIGATION EXPENSES, AND SERVICE PAYMENTS** |

Pending before the Court are (1) Plaintiff's Motion for Final Approval of Class Action Settlement ("Approval Motion"), relating to the Settlement between plaintiff Luis Cabrales and defendant Castle & Cooke Mortgage, LLC ("Defendant") and (2) the Motion for Award of Attorneys' Fees, Litigation Expenses, and Enhancements (Dkt. 48). Having read and considered the moving papers and the supporting declarations, and finding good cause, the Court finds and orders as follows:

On July 15, 2016, the Court entered an Amended Order Preliminarily Approving Class Action Settlement and Providing for Notice (Dkt. 47) (the "Preliminary Approval Order").

In the Preliminary Approval Order, the Court found that the Class meets the requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3) in that: (1) the

Class is so numerous that joinder is impracticable; (2) there are questions of law and fact that are common to all Class Members, which questions predominate over individual issues; (3) Cabrales' claims are typical of the claims of the Class; (4) Cabrales and Class Counsel will fairly and adequately protect the interests of the Class; and (5) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Court hereby reaffirms those findings.

The Court finds that Class Notice was mailed to class members in accordance with the procedure set forth in the Preliminary Approval Order. The Court further finds that the notice to Class Members provided in this action complies with Fed. R. Civ. P. 23 and due process and constitutes the best notice practicable under the circumstances.

The Court hereby GRANTS the Motion for Final Approval of Class Action Settlement. Based on all relevant factors, including the strength of the case, the risk, expense, complexity and likely duration of further litigation, the amount of the Settlement, the reaction of the Class Members, and the experience and views of counsel, the Court finds that the Settlement is fair, reasonable, adequate, and in the best interests of the Class Members. The Court notes that only five Class Members requested exclusion from the Settlement, so that 99.96% of Class Members will participate in the Settlement. The names of the Class Members who opted-out are: Nancy C. Dyas, Leobardo J. Landerso, Thomas A. Blank, Allan Sobie, and Bobby Barao. The Court further notes that no objections have been filed with the Court. The Court finds that the letter submitted by Robert W. Williams to Class Counsel (Dostart Decl. Ex. 2) is not an objection. In the Preliminary Approval Order, the Court directed that "Any objections to the Settlement or to any of its provisions must be *filed with this Court* and served upon counsel no later than forty-five (45) following the mailing of the Notice of Class Action Settlement, or else such objections will be waived." Dkt. 47 at ¶ 6 (italics added). The Williams letter was not filed with the Court, and therefore is not an objection. Furthermore, the Williams letter does not set forth any legal or factual basis of an objection to the Settlement. Alternatively, however, even if the Court were to treat the

Williams letter as an objection, the Court would overrule it because there is no showing that the Settlement is unfair, unreasonable, or not in the best interests of Class Members.

The Court hereby GRANTS the motion for an award of attorneys' fees and litigation expenses but declines to award the entire $330,000 sought to the extent that figure represents 30% of the entire $1.1million cash component of the Settlement. Instead, the Court, in exercising its discretion, finds 25% of the cash component to be a more equitable award and consequently awards Class Counsel attorneys' fees in the amount of $275,000. The Court finds that amount to be reasonable based on all relevant factors, including the results achieved, the risks of the litigation, the skill required and quality of work, the contingent nature of the fee, and awards made in similar cases. The Court also awards Class Counsel reimbursement of litigation expenses in the amount of $31,716.61, which the Court finds is reasonable in amount and incurred for the prosecution of this action.

The Court hereby GRANTS the motion for award of service payments. The Court awards service payments in the amount of $5,000 to Luis Cabrales and in the amount of $2,500 to each of Linda Behrendt, Richard Berni, Mariano Bonilla, Sara Chik, Alex Deboma, and Todd Fandrich. The Court finds that the service payments are independent of the final settlement approval and represent a reasonable enhancement for assistance rendered to Class Counsel in this case.

The Court approves payment of administration expenses to the Claims Administrator, CPT Group, Inc., in the amount of $83,000, which the Court finds is reasonable total compensation to the Claims Administrator for all services rendered to date as well as and for all services to be rendered through the conclusion of settlement administration in this matter.

The parties are ordered to carry out the Settlement in the manner provided in the Settlement Agreement. Pursuant to Section II.A.3.(a) of the Settlement Agreement, the Effective Date of the Settlement is the date on which the Court enters judgment in this

action.

The Court retains continuing jurisdiction over the parties and the Class Members to effectuate and ensure compliance with the Settlement.

IT IS SO ORDERED.

Dated: February 9, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE